CAPITAL FIRE INSURANCE COMPANY *v.* DAVIS.

Opinion delivered January 10, 1910.

1. INSURANCE—EVIDENCE—BURDEN OF PROOF.—One who sues an insurance company, alleging that it has assumed the liability under a policy issued by another company, undertakes the burden of proving such allegation. (Page 182.)

2. SAME—PROOF OF CONSOLIDATION OF COMPANIES.—A letter from the secretary of an insurance company to the agent of another insurance company in which reference is made to the fact that the latter company had been consolidated with the former is insufficient to prove such consolidation. (Page 182.)

Appeal .from Cleveland Circuit Court; *Brice B. Hudgins,* Judge; reversed.

*C. S. Collins* and *Ratcliffe, Fletcher & Ratcliffe,* for appellant.

1.  Assuming that a "merger" contract existed, it was in legal effect an effort on the part of the officers of appellant, a mutual company, to reinsure the policy of appellee in the Arkansas Mutual Fire Insurance Company, which was illegal. Under the act of March 9, 1899 (Secs. 4348 *et seq.,* Kirby's Dig.), it would appear that the officers of mutual companies are merely the agents of the members of said companies, without authority to reinsure the policies of other companies. 1 Cooley's Briefs on Law of Insurance, p. 52 and cases cited; 28 Century Dig. 67. Thus we have an effort on the part of the officers and directors of appellant, a mutual company, without authority, to bind its members with an insurance policy upon property not owned by the contracting parties. This was illegal. 1 Cooley, 52; 45 N. W. 356; 50 Pa. 331; 80 Pa. 464; 93 N. W. 749; 72 S. W. 1099.

2.  The evidence failed to sustain the allegations of the complaint as to a "merger" contract.

. *Geo. W. Reed* and *Mitchell & Thompson,* for appellee.

BATTLE, J.   J. H. Davis and Thomas W. Davis, partners doing business under the firm name and style of J. H. Davis & Son, brought this action against the Capital Fire Insurance Company and others. They alleged that they, on and prior to the 29th day of April, 1905, were engaged in the business of general merchants at Wolf Bayou, Arkansas; that they owned the building in which they conducted their business, as well as a stock of general merchandise; that the building was of the value of $400 and the merchandise was of the value of $2,500; that, on the 29th day of April, 1905, for and in consideration of $45 to be paid by the plaintiffs, the Arkansas Mutual Fire Insurance Company, a corporation organized under the laws of the State of Arkansas, insured the building at $225 and the stock of goods at $1,275 for a period of one year, commencing on the 10th day of. June, 1905, and continuing until the 10th day of June, 1906; that they paid $15. of the $45 to the Arkansas Mutual Fire Insurance Company on the 20th day of June, 1905, and the remainder on the 20th day of July, 1905, to the Arkansas Insurance Company.

"That on or about the 1st day of July, 1905, the Arkansas Mutual Fire Insurance Company changed its corporate name to that of the Arkansas Insurance Company, under which name it conducted an insurance business until on or about the 20th day of May, 1906, when the Arkansas Insurance Company was merged in the Capital Fire Insurance Company, one of the defendants herein. That, by the terms of the merger, the Capital Fire Insurance Company assumed and agreed to pay all liabilities of the Arkansas Mutual Fire Insurance Company and the Arkansas Insurance Company.

"Plaintiffs further said that on the 27th day of December, 1905, and while the insurance policy was in full force and effect, the building and stock of merchandise so insured was consumed by fire, and that their loss was total, with the exception of goods of the cost value of $28.92."

Plaintiffs made other allegations in their complaint, and asked for judgment against the Capital Fire Insurance Company and others for the sum of $1,500 debt, $180 statutory penalty, and $500 for attorney's fee.

The defendant, Capital Fire Insurance Company, answered, and, among other things, denied that there was any so-called "merger" of the Arkansas Insurance Company in this company, or that any privity of relations were established by any contract of re-insurance between this company and plaintiffs; the facts being that the contract was special and as to a certain list of contested claims, including the one of plaintiffs, the Capital only guaranteed fifty per centum of the entire list. That this defendant has long since complied with this part of its contract, and neither it or its bondsmen are liable thereon to plaintiffs or any one, but it denies that the contract was of such a nature as to establish privity between it and plaintiff or any policy holder of the Arkansas Insurance Company, or a right of action against it at all." And it pleaded many defenses.

The jury in the case, after hearing the evidence and instructions in the case, returned a verdict in favor of the plaintiffs for $1,500 and six per cent. per annum interest; and the court rendered a judgment against the Capital Fire Insurance Company for that amount and interest, and for $180 penalty and $200 for attorney's fee; aud the said defendant appealed.

The plaintiffs alleged and the defendant denied that the Arkansas Insurance Company "merged" in the Capital Fire Insurance Company, and that by the terms of the merger the latter assumed and agreed to pay all liabilities of the Arkansas Mutual Fire Insurance Company or the Arkansas Insurance Company. The latter alleged that it agreed to pay only fifty per centum of the former's loss, which was $750, and that it has long since complied with this part of its agreement; but the former recovered $1,500 and interest and penalty and attorney's fee.

The burden was upon appellees, plaintiffs, to prove that appellant became bound to them by consolidation with the Arkansas Insurance Company, or other contract, to pay the amount due them, if any, on the policy of insurance sued upon in this action. They have failed to do so. The only evidence they adduced was the following letter, which was read as evidence over the objection of the defendant:

"Little Rock, Ark., May 19, 1906.

"H. F. Fix, Heber, Ark.

"Dear Sir: You have, of course, been advised by separate letter of the consummation of arrangements between the Arkansas Insurance Company and the Capital. The writer of this letter, who will be secretary of the consolidated company, has been advised that you are one of the most valued agents of the Arkansas.

"The letter, which you received, advises you that in future I will be in charge of the management of the office of the consolidated company, and I only write in this personal manner to you to express my continued confidence in you as an agent, and with the hope that the future business relations between you and the Capital Fire Insurance Company will be as pleasant as those which existed between you and the Arkansas.

"With kindest personal regards, I am

"Yours very truly,

"G. B. Sawyer, Secretary."

The separate letter referred to was not offered as evidence, and its contents were not shown. The evidence adduced was insufficient and incompetent to show a consolidation. There was no statute authorizing such a consolidation, and there was no evidence that the stockholders of the two companies undertook

to consolidate or authorize a consolidation, or, if undertaken, the terms of it. The evidence was insufficient to sustain the verdict and judgment recovered.

Reversed and remanded for a new trial.

WOOD, J., not participating.